IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1)  GINA L. BRADFORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.                                                    ) | Case No.  13-CV-447-CVE-PJC |
| ) | |
| (1)  TMA SYSTEMS, L.L.C., ) | JURY TRIAL DEMANDED |
| ) | ATTORNEY LIEN CLAIMED |
| Defendant.              ) | |

## COMPLAINT

Plaintiff, Gina L. Bradford for her causes of action against Defendant, TMA Systems, L.L.C., alleges and states as follows:

### I.  Preliminary Statement

1. This is an action for sex discrimination arising under Title VII of the Civil Rights Act of 1964 ("Title VII")

2. Plaintiff claims that during her employment with Defendant she was repeatedly subjected to differential and abusive treatment and unwelcome comments and conduct of a sexual nature by her supervisor which was sufficiently severe or pervasive to alter the terms and conditions of her employment and create a hostile work environment.  Plaintiff claims that Defendant is strictly liable for the sexually harassing and abusive conduct of its supervisor which resulted in her constructive discharge, or is otherwise liable because it failed to promptly remedy or prevent the hostile or offensive work environment once it knew of the same.

### II.  Jurisdiction and Venue

3. This Court has jurisdiction pursuant over Plaintiff's claim in this action under Title VII, 42 U.S.C. §2000e-5(f)(3), and 28 U.S.C. §§ 1331 and 1343.

4. Venue is properly in this district pursuant to 28 U.S.C. §1391(b) in that a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this

district.

### III. Parties

5. Plaintiff is a resident of Tulsa County, State of Oklahoma, and this judicial district. At all relevant times herein, she was an employee of the Defendant within the meaning of Title VII.

6. Defendant is an Oklahoma limited liability company doing business in the State of Oklahoma and in this judicial district. At all relevant times herein, Defendant employed more than fifteen (15) employees. At all relevant times, Defendant was Plaintiff's employer within the meaning of Title VII.

### IV. Administrative Prerequisites

7. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging sex discrimination.

8. The EEOC mailed a Notice of Right to Sue to Plaintiff on June 27, 2013.

9. Plaintiff has fulfilled all conditions precedent to the filing of this action, and this action is timely filed.

### V. Allegations Applicable to All Claims

10. Plaintiff was hired by Defendant on or about January 16, 2010.

11. At the time of her hire, Plaintiff was employed in the position of Chief Information Officer. She was later promoted to the position of Chief Operating Officer. At the time of her hire and continuing through the term of her employment, Plaintiff's compensation, including base salary and bonus, was about $249,000. At all times during her employment, Plaintiff performed the duties of her job in a manner that met or exceeded Defendant's expectations, and she received all discretionary bonuses for which she was eligible.

12. During the course of Plaintiff's employment with Defendant she was repeatedly

subjected to differential treatment and unwelcome conduct of a sexual nature. The differential and abusive treatment and unwelcome conduct of a sexual nature to which Plaintiff was subjected was adverse, hostile and done based solely on the fact that she is female.

13. The differential and abusive treatment and unwelcome conduct of a sexual nature was carried out against Plaintiff by Defendant's owner and chief executive officer, John C. Smith, who at all relevant times had supervisory authority over Plaintiff.

14. From the outset of Plaintiff's employment, Mr. Smith regularly made sexually inappropriate comments to her. On almost a daily basis, where both Mr. Smith and Plaintiff were present in the Tulsa office, Mr. Smith entered Plaintiff's office and spoke about and related to Plaintiff the explicit details of his sex life.

15. During the course of Plaintiff's employment, Mr. Smith regularly announced to Plaintiff that he was not wearing any underwear, and he would make a demonstrable show of adjusting his penis in front of her.

16. During the term of Plaintiff's employment, Mr. Smith regularly subjected Plaintiff to unwanted and unwelcome touching, including hugging her and back rubs.

17. During the course of Plaintiff's employment, Mr. Smith occasionally made comments about Plaintiff's breasts and buttocks.

18. During the course of Plaintiff's employment, Mr. Smith occasionally made comments in front of other employees to the effect that he would "flip" the Plaintiff from being a lesbian.

19. On occasion during the course Plaintiff's employment, when she introduced Mr. Smith to her friends, he asked if she wanted a third.

20. During the course of Plaintiff's employment, Mr. Smith regularly insisted that Plaintiff run errands with him outside of the workplace and at all such times Plaintiff was

required to be alone with Mr. Smith. On two of the occasions, Mr. Smith insisted that Plaintiff accompany him alone into his home and even into his bedroom.

21. During the course of Plaintiff's employment, Mr. Smith regularly exploded into loud, angry, and abusive outbursts directed at Plaintiff. Upon information and belief, Mr. Smith also regularly engaged in loud, angry and abusive outbursts directed at other of Defendant's female senior management. Mr. Smith did not treat similarly-situated male management as he did Plaintiff or other female senior management.

22. In January 2012, after Mr. Smith had subjected Plaintiff to one of his many angry outbursts, she told him that he was not treating her like he treated two male senior managers, Dustin Taylor and Mike Koenig. She told Mr. Smith that "I just want to be treated like you treat them."

23. Plaintiff shared with Mary Tolbert, the senior manager over Defendant's human resource function, that Mr. Smith was engaging in unwelcome conduct of a sexual nature, and in particular told Ms. Tolbert about the almost daily sex talk.

24. By virtue of Mr. Smith's blatant and open differential treatment and conduct of a sexual nature directed toward Plaintiff and other female employees, Defendant's senior management was aware of Mr. Smith's harassing and discriminating conduct. Defendant did not take prompt and appropriate action to remedy or prevent a hostile or offensive work environment once it knew of the same.

25. Like so many days before, on March 30, 2012, Mr. Smith entered Plaintiff's office and spoke about his sex life and inquired about Plaintiff's sex behavior as well.

26. Later, on March 30, 2012, Mr. Smith engaged in loud, angry and abusive outburst directed at Plaintiff.

27. By virtue of Mr. Smith's unrelenting and unwelcome conduct of a sexual nature and abusive differential treatment, Plaintiff was constructively discharged from her

employment on March 30, 2012.

## VI. Statement of Claims
### First Claim
### Title VII - Sex Discrimination

28. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 27 of this Complaint as though set forth at length herein and further alleges:

29. During her employment with Defendant, and because she is female, Plaintiff was subjected to unwelcome conduct of a sexual nature and differential treatment which was sufficiently severe or pervasive to create a hostile work environment.

30. The acts of sexual harassment and differential treatment to which Plaintiff was subjected were carried out by Mr. Smith who had and exercised supervisory authority over her.

31. Mr. Smith's unrelenting, unwelcome conduct of a sexual nature and gender-based differential treatment lead to Plaintiff's constructive termination. Defendant is strictly liable for the differential, abusive treatment and sexually harassing conduct of its supervisor that resulted in a tangible job detriment.

32. Alternatively, Defendant is liable for the differential, abusive treatment and sexually harassing conduct of Mr. Smith because it failed to promptly remedy or prevent the hostile or offensive work environment once it knew of the same.

33. As a direct and proximate result of the differential, abusive treatment and sex harassment inflicted on Plaintiff because of her sex, Defendant has caused her to suffer injuries and damages, including but not limited to, loss of earnings and benefits, mental anguish, physical and emotional distress, and loss of enjoyment of life.

34. Defendant's actions toward Plaintiff were willful, wanton, and intentional, evidencing a reckless disregard for the rights of Plaintiff, thereby warranting the imposition

of punitive damages.

**WHEREFORE**, Plaintiff, Gina L. Bradford, demands judgment against the Defendant, TMA Systems, L.L.C., and further prays:

(1) that this Court award Plaintiff all actual damages, including backpay, lost past and future compensation, and lost past and future benefits in an amount to be determined at trial due to the unlawful conduct of Defendant;

(2) that this Court award Plaintiff damages to compensate her for the mental and physical injury and distress sustained as a result of the unlawful conduct of Defendant;

(3) that this Court award Plaintiff punitive damages in an amount to be determined at trial;

(4) that this Court enjoin Defendant from engaging in any further discriminatory conduct in violation of Title VII;

(5) that this Court award Plaintiff her reasonable attorney fees and costs expended in the prosecution of this action; and

(6) that this Court award Plaintiff such other and further relief as may be deemed just and proper by the Court.

        **Respectfully submitted,**

        **SHOOK & JOHNSON, P.L.L.C.**

**By:**    s/ Jonathan E. Shook
        **Jonathan E. Shook, OBA #17343**
        **7420 S. Yale Ave.**
        **Tulsa, Oklahoma 74136**
        **(918) 293-1122-** *Telephone*
        **(918) 293-1133-** *Facsimile*
        **jshook@shookjohnson.com**

        **ATTORNEY FOR PLAINTIFF**